**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Johnny Lee LEONARD, a.k.a. Crow, Defendant–Appellant.**

**No. 15–13157 Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Feb. 8, 2016.

Wifredo A. Ferrer, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, Carlos Lee Wells, U.S. Attorney's Office, Fort Pierce, FL, for Plaintiff–Appellee.

Johnny Lee Leonard, Coleman, FL, pro se.

Before TJOFLAT, WILSON and JILL PRYOR, Circuit Judges.

**PER CURIAM:**

Johnny Lee Leonard, a federal prisoner proceeding pro se, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for sentence reduction. In 1995, Leonard was sentenced to life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A) after he was convicted for various drug-related offenses. He seeks relief from this sentence under Amendment 782 to the Sentencing Guidelines. On appeal, Leonard argues his sentence is unlawful because, under *Alleyne v. United States*, 570 U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), § 841(b)(1)(A) does not apply to him and, consequently, the district court erred in refusing to grant him relief. However, under the present procedural posture, Leonard cannot challenge the original sentencing court's § 841(b)(1)(A) decision. In addition, Leonard is not otherwise eligible for relief under Amendment 782. Therefore, we affirm.[1]

Section 3582(c)(2) only "permits a sentence reduction within the narrow bounds established by" the guideline amendment at issue. *Dillon v. United States*, 560 U.S. 817, 831, 130 S.Ct. 2683, 2694, 177 L.Ed.2d 271 (2010). "In making [a § 3582(c)(2)] determination, the court shall substitute only the amendments ... for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other [sentencing] decisions unaffected." *See* U.S.S.G. § 1B1.10(b)(1); *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir.2000). Hence, § 3582(c)(2) "does not grant to the court jurisdiction to consider extraneous [non-guidelines] resentencing issues such as" whether the original sentencing court erred in applying § 841(b)(1)(A) to Leon-

---

1. Leonard also appeals the district court's denial of his motion for reconsideration. We likewise affirm that denial.

ard. *See Bravo,* 203 F.3d at 782. Moreover, Leonard is not otherwise eligible for relief under Amendment 782 because he "was sentenced on the basis of a mandatory minimum." *See United States v. Mills,* 613 F.3d 1070, 1078 (11th Cir.2010); *United States v. Hippolyte,* 712 F.3d 535, 540 (11th Cir.2013).

**AFFIRMED.**